UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANKIE WEISNER, | No. 2:23-cv-0216 TLN CKD P |
| Petitioner, | |
| v. | ORDER AND |
| KATHLEEN ALLISON, | <u>FINDINGS AND RECOMMENDATIONS</u> |
| Respondent. | |

Petitioner is a California prisoner proceeding pro se with a petition for writ of habeas corpus under 28 U.S.C. § 2254. On November 17, 2017, petitioner pled guilty to robbery and grand theft. ECF No. 17-7 at 53. He was ordered to serve a sentence of 9 years and 8 months in prison. <u>Id</u>. On January 11, 2022, petitioner was convicted of possession of sharp instrument while in prison, a violation of California Penal Code § 4502(a). ECF No. 17-7 at 34. The sentence for a violation of § 4502(a) is either 2, 3, or 4 years. Petitioner was given 2 years, but the sentence was doubled to 4 years pursuant to California Penal Code §§ 667(e)(1) & 1170.12(c)(1) because of petitioner's robbery conviction. ECF No. 17-5 at 36-37. Thus, petitioner was ordered to serve a sentence of 4 years in prison, to be served consecutively to the sentence for robbery and grand theft. <u>Id</u>. Evidence provided by petitioner indicates that he will be eligible for parole as to grand theft and robbery conviction on July 16, 2024, at the earliest. ECF No. 1 at 18. When petitioner reaches his eligibility for parole date as to the robbery and

grand theft conviction, he will begin to serve his sentence for possession of a sharp instrument while in prison. Id.

Petitioner challenges the amount of good conduct sentence credit he has received. Essentially, he asserts that he has been identified by California Department of Corrections staff as a "second striker" and this has somehow resulted in his accruing sentence credit at a rate lower than he should. However, the claim is conclusory as petitioner fails to point to facts and/or law indicating that he is earning credit at a rate lower than he should be under California law as to either one of his sentences. Further, a writ of habeas corpus can only be granted for a violation of federal law. 28 U.S.C. § 2254. Petitioner's challenge to an interpretation of California sentence credit rules arises under California law, and not federal law.

For these reasons, the court will recommend that petitioner's petition for a writ of habeas corpus be denied, and this case be closed.

Finally, the court notes that petitioner has requested a certificate of appealability. Because there are no appeals pending at this point that request will be denied.

In accordance with the above, IT IS HEREBY ORDERED that:

1. The Clerk of the Court administratively terminate petitioner's motion for an expedited ruling (ECF No. 34).

2. Petitioner's request for a certificate of appealability (ECF No. 41) is denied.

IT IS HEREBY RECOMMENDED that:

1. Petitioner's petition for a writ of habeas corpus be denied; and

2. This case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. See Rule 11, Federal Rules Governing Section 2254 Cases (the district

court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant). Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: December 19, 2023

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
weis0216.157(2)