UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANKIE WEISNER,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>KATHLEEN ALLISON,<br><br>　　　　　Respondent. | No. 2:23-cv-00216-TLN-CKD<br><br>**ORDER** |

This matter is before the Court on Petitioner Frankie Weisner's ("Petitioner") Motion for Request for Ruling and Sanctions. (ECF No. 46.) No opposition has been filed. For the reasons set forth below, Petitioner's motion is DENIED.

The Court need not recount the background facts here as they are set forth in the magistrate judge's December 19, 2023 order recommending Petitioner's petition for writ of habeas corpus be denied and the case be closed. (ECF No. 42.) On January 8, 2024, Plaintiff filed objections to the magistrate judge's order. (ECF No. 43.) On September 25, 2024, this Court adopted the magistrate judge's findings and recommendations in full and closed the case. (ECF No. 44.) The Clerk of the Court entered Judgment the same day. (ECF No. 45.)

///

1

On February 14, 2025, Plaintiff filed the instant motion for request for a ruling and sanctions. (ECF No. 46.) Because Judgment has already been entered in this case, the Court construes Petitioner's motion as a motion for relief from judgment. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (court must construe pro se plaintiff's pleadings liberally).

On motion and just terms, a district court may relieve a party from a final judgment or order for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Petitioner does not argue any of the first five categories apply (nor does the Court find them applicable), which leaves only the sixth, catchall category. Petitioner makes two distinct arguments. First, Petitioner requests the Court for a ruling pursuant to California Rule of Court 4.551(a)(3)(B). (ECF No. 46 at 1.) California Rule of Court 4.551 governs habeas corpus proceedings. This case is in federal court, not state court, and therefore the California Rules of Court do not apply to these proceedings.

Second, Petitioner requests the Court order sanctions pursuant to Federal Rule of Civil Procedure ("Rule") 11(c)(2) in the amount of $10,000 "for litigation of these matters and various state and [federal constitutional] violations that occurred." (ECF No. 46 at 1.) Pursuant to Rule 11(c)(2), "[i]f warranted, the court may award to the prevailing party (to a motion for sanctions

1   under Rule 11) the reasonable expenses, including attorney[s'] fees, incurred for the motion."

2   *Cal. Sportfishing Protection All. v. Matheson Tri-Gas, Inc.*, No. 2:11-cv-01456-MCE-KJN, 2013

3   WL 5597177, at *1 (E.D. Cal. Oct. 11, 2013) (citing *Buster v. Greisen*, 104 F.3d 1186, 1190 n.5

4   (9th Cir. 1997)).  The permissive language of Rule 11(c)(2), "providing that a court 'may' award

5   sanctions 'if warranted,' indicates that any decision in that regard is a matter squarely within the

6   [c]ourt's discretion." *Id.*  Petitioner in this case is not a prevailing party, as the Court denied his

7   petition for a writ of habeas corpus and closed the case.  (ECF No. 44 at 2.)  Therefore, Petitioner

8   is not entitled to sanctions.

9       In sum, Petitioner fails to demonstrate why he is entitled to the extraordinary relief that he

10  seeks.  Accordingly, Plaintiff's Motion for Request for Ruling and Sanctions is DENIED.  (ECF

11  No. 46.)

12      IT IS SO ORDERED.

13  Date: March 28, 2025

16  _____

17  TROY L. NUNLEY
    CHIEF UNITED STATES DISTRICT JUDGE

3